UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH PELTIER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 13-cv-14847
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

**ORDER ADOPTING REPORT AND RECOMMENDATION [14],
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13],
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9],
AND REMANDING FOR AN AWARD OF BENEFITS**

Before the Court is Magistrate Judge R. Steven Whalen's Report and Recommendation to deny Defendant's Motion for Summary Judgment (Dkt. 13), grant Plaintiff's Motion for Summary Judgment (Dkt. 9), and remand for award of benefits. (Dkt. 14, R&R.) At the conclusion of his report, the Magistrate Judge notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (R&R at 19–20.) No party has filed timely objections.

The Court notes in particular that the Commissioner has not objected to the Magistrate Judge's recommendation to remand for award of benefits, rather than for reconsideration. The Sixth Circuit has held that "[i]f a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir.

1994). Thus, "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.* The Magistrate Judge did not expressly find that all essential factual issues were resolved and the record adequately established entitlement to benefits. But the Commissioner waived any objection on this basis by failing to object. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("In the interest of judicial economy, this circuit established . . . that a party must file timely objections with the district court to avoid waiving appellate review.").

Moreover, the Magistrate Judge's report fairly implies a finding that entitlement to benefits is established: he found that Plaintiff's testimony was "almost wholly supported" by the treatment records and that there was "clear and compelling clinical support for Plaintiff's claim of persistent and chronic back and gastric pain." (R&R at 15–16, 19.) And, significantly, the vocational expert testified that although the first hypothetical individual with limitations approximating Plaintiff's could find work, if the same individual had to miss 3 days of work per month or were off task 20 percent of the workday due to chronic pain or nausea, no work would be available. (*See* Dkt. 7, Admin. R. at 53–54.) *Compare Faucher*, 17 F.3d at 176 ("because the hypothetical question given to the vocational expert and relied on by the ALJ did not accurately describe plaintiff in regard to his emotional impairments and obesity, there is not substantial evidence for the denial of benefits"), *with Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 652 (6th Cir. 2011) (remanding for an award of benefits after finding the ALJ erred in rejecting a

doctor's opinion, where the vocational expert testified that there would be no work available for claimant if that opinion were credited).

Having reviewed the Report and Recommendation, and there being no timely objections, the Court **ADOPTS** the Report and Recommendation (Dkt. 14) as the findings and conclusions of this Court. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). It follows that the Court hereby **DENIES** Defendant's Motion for Summary Judgment (Dkt. 13) and **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. 9). The case is **REMANDED FOR AN AWARD OF BENEFITS**.

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE

Dated: December 18, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 18, 2014.

> s/Jane Johnson
> Case Manager to
> Honorable Laurie J. Michelson

3